# ECCLESINE, RESPONDENT, *v.* GREAT NORTHERN RY. CO., APPELLANT.

## (No. 4,215.)

(Submitted September 25, 1920. Decided November 15, 1920.)

[194 Pac. 143.]

*Railroads—Personal Injuries—Master and Servant—Complaint —Insufficiency—Negligence—Appeal and Error—Complaint Deemed Amended—Rule—Inapplicability—Trial—Demurrer —Submission Without Argument.*

Railroads—Personal Injuries—Master and Servant—Complaint—Absence of Essential Allegation—Insufficiency.

1. The complaint in an action for personal injuries against a railway company which did not allege that plaintiff was employed by the defendant at the time of the injury did not state a cause of action under the federal or state Employers' Liability Acts, nor, if he was an employee or a passenger, under the federal Safety Appliance Act, nor upon the theory that the action was the ordinary one for damages for personal injuries resulting from negligence.

Personal Injuries—Negligence—Complaint—Contents.

2. To state a cause of action for damages resulting from negligence, it is necessary that the complaint disclose the duty, its breach, the resulting damages and that the breach of duty was a proximate cause of the injury.

[Sufficiency of averments of negligence of carrier causing injury to passenger; see notes in 13 L. R. A. (n. s,) 602; 29 L. R. A. (n. s.) 809; L. R. A. 1918C, 366.]

Appeal and Error—Complaint—Deemed Amended to Admit Proof—When Rule not Applicable.

3. The rule that where evidence was introduced at the trial of a cause without objection the complaint will, on appeal, be deemed amended to admit the evidence if necessary to sustain the judgment, applies only to a case in which the objection to the sufficiency of the complaint is raised for the first time in the supreme court, and not to one where the complaint had been attacked by general demurrer and an exception saved to an adverse ruling.

Same—Trial—Complaint—Challenging Sufficiency—Effect of Exception.

4. Where defendant challenges the sufficiency of the complaint by demurrer, or by objection to the introduction of evidence, his exception once saved to an adverse ruling is saved for all purposes during the proceedings in the case, and failure to repeat the objection thereafter when the same question is raised does not constitute a waiver.

Trial—Demurrer—Argument not Necessary, When.

5. In the absence of a request by the court therefor, counsel is not required to support with argument his objection to the sufficiency of the complaint raised by filing a general demurrer.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Thomas C. Ecclesine against the Great Northern Railway Company. Defendant appeals from a judgment for plaintiff and from an order denying it a new trial. Reversed and remanded.

*Messrs. Veazey & Veazey* and *Mr. H. C. Hopkins,* for Appellant, submitted a brief; *Mr. I. Parker Veazey, Jr.,* argued the cause orally.

The court committed error in overruling the demurrer to the complaint. The complaint was insufficient in that it did not charge the violation of any legal duty owing by the defendant to the plaintiff, because it did not show the right of the plaintiff to be on the car or that the relationship of master and servant existed between the plaintiff and the defendant, and, secondly, because its allegations of negligence were insufficient. As regards the first of these objections, the complaint nowhere alleges that the plaintiff was in the employ of the defendant. Such an allegation is necessary, without which the complaint is fatally defective. Thus, in 4 Labatt on Master and Servant, page 4950, it is said: ''A complaint which fails to allege that the relationship of master and servant existed between the defendant and the plaintiff fails to state a cause of action.'' (*Walton* v. *Lindsey Lbr. Co.,* 145 Ala. 661, 39 South. 670; *Sargent Co.* v. *Baublis,* 215 Ill. 428, 74 N. E. 455; *Walker* v. *El Paso Elec. Ry. Co.* (Tex. Civ.), 118 S. W. 554; *Fusselman* v. *Yellowstone etc. Irr. Co.,* 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473.)

*Messrs. Wheeler & Melzner* and *Mr. H. L. Maury,* for Respondent, submitted a brief; *Mr. Maury* and *Mr. Albert A. Grorud,* of Counsel, argued the cause orally.

We might well grant it was error in the court to overrule the demurrer to the complaint. The question is not before

the court. This court indulges in no charity toward a party which submits its general demurrer without argument to a busy trial judge. Now, the settled practice in this state in accordance with four principles of law, announced previous to the happening of Ecclesine's injury, is: "It is well settled by the decisions of this court (1) that the sufficiency of a complaint may be questioned for the first time on appeal, and that, if found fatally defective, a judgment rendered thereon for the plaintiff will be reversed. (*Foster* v. *Wilson,* 5 Mont. 53, 2 Pac. 310; *Tracy* v. *Harmon,* 17 Mont. 465, 43 Pac. 500; *Shober* v. *Blackford,* 46 Mont. 194, 127 Pac. 329; *Cole* v. *Helena L. & Ry. Co.,* 49 Mont. 443, 143 Pac. 974.) These cases merely give force to the rule declared by the statute (Rev. Codes, sec. 6539), that a failure to question the sufficiency of a complaint by demurrer in the trial court does not amount to a waiver of the right to question it thereafter. When, however, the point is made in this court for the first time on appeal, the objection is regarded with disfavor, and every reasonable deduction will be drawn from the facts stated in order to uphold the pleading. (2) So, also will the pleading be held sufficient if the defect made the basis of the objection is not a matter going to the root of the cause of action, but is such as might have been remedied by an amendment. Again, though it be (3) deficient, in its omission to state a particular fact necessary to make out a cause of action, it will be deemed amended by the answer when the latter contains allegations which supply the omission (*Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46), or assumes that the complaint contains the allegations in question. (*Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201; *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.) And when a (4) trial has been had upon the evidence which has been introduced without objection, a judgment for plaintiff will not be reversed for a defective complaint, but the complaint will be regarded as having been amended in the trial court,

if this is necessary to sustain the judgment. (*Moss* v. *Goodhart*, 47 Mont. 257, 131 Pac. 1071.)" (*Ellinghouse* v. *Ajax L. Co.*, 51 Mont. 275, 281, L. R. A. 1916D, 836, 152 Pac. 481.) Error which the trial court may have made or may not have made is not to be considered, for it has been waived by the defendant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff recovered judgment for damages for personal injuries, and defendant appealed therefrom and from an order denying a new trial.

A general demurrer was interposed to the complaint but [1] overruled by the trial court, and error is predicated upon the ruling. The specific objection urged is that the complaint fails to allege that plaintiff was employed by the defendant at the time he received his injuries, or at all. It is not alleged that he was a passenger upon the defendant's train; neither can any fair inference be drawn from the pleading that plaintiff and defendant sustained any particular relationship whatever one to the other. The complaint cannot be sustained.

(1) It is fatally defective if the action be treated as one arising under the federal Employers' Liability Act. (35 Stats. at Large, 65.) That Act extends its provisions only to an employee of a common carrier by railway engaged in interstate commerce and to no other person or class of persons. (*Robinson* v. *Baltimore & O. R. Co.*, 237 U. S. 84, 59 L. Ed. 849, 35 Sup. Ct. Rep. 491 [see, also, Rose's U. S. Notes].) To make out a case under that statute, it is indispensable that the complaint disclose by an appropriate allegation that at the time of the accident the injured party was employed by the defendant. (2 Roberts on Federal Liability of Carriers, sec. 682.)

(2) The same rule applies if the action be considered as one arising under our state Employers' Liability Act (Laws

1911, Chap. 29), for our statute is in all substantial particulars a copy of the federal Act. (*Cornell* v. *Great Northern Ry. Co.,* 57 Mont. 177, 187 Pac. 902.)

(3) If it was the intention of plaintiff to invoke the provision of the federal Safety Appliance Act (27 Stats. at Large, 531, as amended, 32 Stats. at Large, 943, and supplemented, 36 Stats. at Large, 298), the complaint is equally defective. In enacting the original statute above, the congressional purpose was clearly defined and declared in the title: "To promote the Safety of Employees and Travelers upon Railroads," and the term "travelers" refers to passengers. (*Illinois Central R. R. Co.* v. *Williams,* 242 U. S. 462, 61 L. Ed. 437, 37 Sup. Ct. Rep. 128.) These two classes of persons, and only these, are comprehended by the Act, and neither the amendment nor the supplement enlarges the scope in this respect. Whether these Acts by necessary implication provide a remedy at the instance of a private individual belonging to either of the classes mentioned, or merely give recognition to a right arising under the rules of the common law, is not material here. The state courts are given concurrent jurisdiction in civil actions arising under these statutes, and matters of pleading and practice are governed by the local laws. (2 Roberts on Federal Liability of Carriers, sec. 878.) If it can be said that this is a statutory action arising under the Safety Appliance Act, as appears to be indicated in *Texas & Pac. Ry. Co.* v. *Rigsby,* 241 U. S. 33, 60 L. Ed. 874, 36 Sup. Ct. Rep. 482 [see, also, Rose's U. S. Notes], it is indispensable that, by appropriate pleading, plaintiff shall bring himself within one of the two classes for whose benefit the statute was enacted. This is the rule now too firmly established in this jurisdiction to admit of controversy. (*Kelly* v. *Northern Pac. Ry. Co.,* 35 Mont. 243, 88 Pac. 1009; *Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681.)

(4) Neither can this complaint be sustained upon the theory that this is the ordinary action for damages for personal injuries resulting from negligence. Actionable

negligence arises only from a breach of legal duty, and to state a cause of action for damages resulting from negligence, it is necessary that the complaint disclose the duty, the breach, the resulting damages and that the breach of duty was a proximate cause of the injury. (*Fusselman* v. *Yellowstone Valley etc. Irr. Co.*, 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473.)

Because this complaint fails to disclose that defendant owed to plaintiff any legal duty, it fails to state a cause of action.

(5) Counsel for respondent attempt to invoke the rule [3, 4] that whenever a cause has been tried and evidence introduced without objection, the complaint will be deemed to have been amended to admit the evidence, if this is necessary to sustain the judgment; but that rule has no application here. It applies only to a case in which the objection to the sufficiency of the complaint is raised in the supreme court for the first time, and the reason for the rule is obvious. The sufficiency of the complaint may be tested by demurrer or by objection to the introduction of evidence. In either event, the adverse ruling is excepted to and the exception once saved is saved for all purposes. (*Ferrat* v. *Adamson*, 53 Mont. 172, 163 Pac. 112.) The practice of law would become a farce if the rule were established that a party who has once saved a point by timely objection and exception to the ruling must repeat the objection thereafter every time the question is raised during the proceedings in the case, under penalty of having his exception deemed waived. Neither common sense nor any recognized rule of law sanctions such practice. The courts, including this one, may not have observed the distinction above on all proper occasions, but the error in failing to do so has not been repeated so often as to give rise to the application of the maxim, "*communis error facit jus.*" It is not necessary to refer to the observations of this court and other courts upon an objection to the sufficiency of a pleading raised in the appellate court for the first time, for this is not that case.

It is suggested that the demurrer was submitted to the lower [5] court without argument, but it is not rendered less effective for that reason. We know of no rule of law which requires counsel to support his objection with argument. Doubtless, if the trial court had considered argument necessary, it would have been requested; but in the absence of anything to indicate the contrary, it must be presumed that the ruling upon the demurrer was made deliberately even though it was erroneous. This case does not present any question of express waiver or aided by subsequent pleading.

The other assignments need not be considered, for if the complaint is amended, different issues may be presented. The complaint does not state a cause of action and will not support the judgment.

The judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.

Rehearing denied December 18, 1920.

