ERNEST D. BARROWS et al., Plaintiffs, *v.* LEHIGH VALLEY RAILROAD COMPANY, Defendant.

Supreme Court, Trial Term, Cortland County, May 15, 1946.

*J. T. Gardner* and *C. H. Gardner* for plaintiffs.

*Cobb, Cobb & Simpson* for defendant.

O'Connor, J.   This action is brought to recover $50 for loss of a cow which was killed September 15, 1942, upon defendant's right of way by defendant's locomotive.   The defendant concedes that it had failed to repair and maintain a fence between the defendant's property and that of the plaintiffs', as required by section 52 of the Railroad Law.   The action was commenced January 29, 1945.

It has been stipulated that the only question at issue is whether the cause of action is barred by the Statute of Limitations; if not, the defendant will pay the plaintiffs the sum of $50, no costs to be recovered in either event.

Plaintiffs claim the action is to recover upon a liability created by statute and having been brought within six years after the cause of action accrued, is not barred by the Statute of Limitations.   (Civ. Prac. Act, § 48, subd. 2.)

The defendant contends that the action is one, essentially, for injury to personal property because of the failure to maintain fences as required by statute and in this respect is similar to any liability which attaches by reason of the violation of a statute; that the three-year Statute of Limitations under subdivision 7 of section 49 applies whether the action sounds in negligence or whether it arises out of the violation of a statute and that section 49 limits the three-year limitation for personal injuries to negligence, while the same section covers not only negligent injury to property, as provided in subdivision 6, but other injury to property, as set forth in subdivision 7.

So far as we have been able to ascertain the question at issue has never been decided.

In *Detmar* v. *Nussbaum* (149 Misc. 469, affd. 241 App. Div. 720) it was held that the six-year Statute of Limitations is applicable to an action by an employee for personal injuries suffered through the negligence of the employer, founded on section 11 of the Workmen's Compensation Law, which permits an action by an employee against an employer who has failed to secure payment of compensation for his injured employees pursuant to section 50 of the Workmen's Compensation Law, and that the action was one " to recover upon a liability created by statute, except a penalty or forfeiture " (Civ. Prac. Act, § 48, subd. 2), and is not one to recover a penalty or forfeiture, or to recover damages for negligence, to either of which the three-year limitation applies.   (Civ. Prac. Act, § 49, subds. 3, 6.)

This action is one to recover upon a liability created by statute and not one to recover damages for negligence.   The six-

year statute is applicable, and the plaintiffs are entitled to recover $50 damages.

Under the stipulation, the defendant is directed to pay to the plaintiffs the sum of $50, without costs.