[Civ. No. 19328. Second Dist., Div. One. May 13, 1953.]

MRS. FRED A. JONES, Appellant, v. CITY OF ALHAMBRA, Respondent.

Brinton N. Bowles for Appellant.

Harry E. Sackett for Respondent.

DORAN, J.—The within action is for damages for personal injuries. A demurrer was sustained without leave to amend and from the judgment that followed plaintiff appeals.

As recited in respondent's brief,

"Appellant's Complaint, on its face, clearly alleges a cause of action for injury to Appellant caused by the alleged wrongful act or neglect of Respondent, City of Alhambra, in failing and neglecting to keep a certain sidewalk in good repair or a safe condition.

"The cause of action was brought under the Public Liability Act and Section 53051 of the Government Code which defined the circumstances and conditions under which a municipality may be liable for injuries resulting from the dangerous or defective condition of public property.

"The Complaint was filed on March 14, 1952, over one year from the date of the injury complained of, December 27, 1950.

"Appellant does not contend that she commenced her action within one year from the date of the alleged accident, but argues that the liability of Respondent is one created by statute, and is therefore governed by Section 338 Subdivision 1 of the Code of Civil Procedure, which provides that such an action be commenced within three years, and not by Section 340, Subdivision 3, of the Code of Civil Procedure, which provides that an action for injuries to one caused by the wrongful act or neglect of another must be brought within one year."

Appellant argues that, "Prior to the Public Liability Act of 1923, local agencies were not liable for negligent acts or omissions of their officers or employees, and it was solely by reason of that statute and the amendments following it that they were liable for their officers and employees tortious acts or omissions. This was the finding in the case of *Douglass* v. *Los Angeles* (1935), 5 Cal.2d 123 [53 P.2d 353]."

Respondent, on the other hand, points out that, ''The cause of action set forth in Appellant's Complaint is that kind of action which comes explicitly within the above quoted provisions of Section 340, Subdivision 3, Code of Civil Procedure, and the fact that, although the enactment of the Public Liability Act and Section 53051, Government Code, gave a person claiming damages for injuries resulting from defective conditions of a City's property, a right to seek redress therefor against the municipality, did not create a liability which did not, prior thereto, exist, but merely added another class against whom the redress or remedy could be sought.

''The case of *Douglass* v. *Los Angeles,* 5 Cal.2d 123 [53 P.2d 353], cited by Appellant, does not hold that the liability of a municipality for negligence is a new liability created by statute. That case, in fact, holds that prior to the Public Liability Act, the person injured by reason of the negligence of public officers in the maintenance of the public streets had to seek redress against the public officers themselves. The Act permitted an action to be brought on a class of claims which were not previously allowed; it did not create a new liability.''

Section 340, subdivision 3 of the Code of Civil Procedure provides that ''An action . . . for injury to or for the death of one caused by the wrongful act or neglect of another'' must be brought within one year. Section 340 is the controlling law in the circumstances hence the decision by the trial court was correct.

The judgment is affirmed.

White, P. J., concurred.