No. 12383

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA, ex rel
FALLON COUNTY, MONTANA,

Plaintiff,

-vs-

THE DISTRICT COURT OF THE SIXTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF FALLON,
and the HONORABLE ALFRED B. COATE, JUDGE
PRESIDING THEREIN,

Defendants.

---

ORIGINAL PROCEEDING:

For Plaintiff:

Habedank, Cumming & Best, Sidney, Montana.
Otto T. Habedank and Jacque W. Best argued, Sidney,
Montana.

For Defendants:

Gene Huntley argued, Baker, Montana.

---

Submitted: December 4, 1972

Decided: DEC 2 6 1972

Filed:

Thomas J. Kearney
_____
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding seeking supervisory control to review and reverse a denial of summary judgment to defendant in a damage action by a motorist who allegedly suffered personal injuries in an automobile accident. The order denying summary judgment was entered in the district court of the sixteenth judicial district, Fallon County, by the Hon. Alfred B. Coate, district judge.

Relator, defendant below, is Fallon County. Respondent is the district court and the judge thereof that entered the order denying summary judgment.

Plaintiff in the district court action was Earl M. Hoke who alleged that he sustained personal injuries in a single vehicle accident on a county road in Fallon County, Montana, on August 27, 1968. His complaint alleges negligence on the part of defendant Fallon County in failing to properly maintain and mark a "T" intersection of county roads. The existence of liability insurance precluding the defense of sovereign immunity was alleged. The action was filed more than two years, but less than three years, after the date of the accident.

One of the defenses pleaded in defendant's amended answer was that plaintiff's action was barred by the two year statute of limitations in section 93-2607(1), R.C.M. 1947, governing actions "upon a liability created by statute other than a penalty or forfeiture." Defendant moved for summary judgment on this basis. Subsequently the district court entered its order denying defendant's motion for summary judgment.

Defendant thereupon filed an original proceeding in this Court seeking a writ of supervisory control to review and reverse the order of the district court denying it summary judgment. Following ex parte presentation, this Court found this to be a proper case for supervisory control and issued an alternative writ setting the matter for adversary hearing on December 4, 1972. At that time, oral argument was heard on behalf of both parties

- 2 -

and the decision taken under advisement.

The sole issue for review in this proceeding is whether plaintiff's action is barred by the two year statute of limitations contained in section 93-2607(1), R.C.M. 1947.

Relator county contends that plaintiff's action is barred thereunder because it is an action "upon a liability created by statute other than a penalty or forfeiture". Relator argues that plaintiff's action falls in this category because section 40-4402, R.C.M. 1947, waives "sovereign immunity" to the extent of the county's liability insurance coverage thus permitting plaintiff's action. According to relator, no liability would exist absent section 40-4402, which/the test of whether liability is created by statute within the meaning of statutes of limitations,citing in support: Hollinger v. Board of County Commissioners, 115 Kan. 92, 222 P. 136; Barrows v. Lehigh Valley R.Co., 62 N.Y.S. 200; Anno. 32 ALR2d 1240, 1243. Finally, relator contends that "sovereign immunity" presents a jurisdictional issue rather than involving simply a matter of affirmative defense.

Respondent, on the other hand, contends that plaintiff's action is not subject to the two year statute of limitations as an action upon a liability created by statute, but on the contrary is governed by the three year statute of limitations applicable to personal injury negligence actions contained in section 93-2605, R.C.M. 1947. Respondent argues that section 40-4402, R.C.M. 1947, permitting actions against a county to the extent of its liability insurance coverage, simply removes the defense of sovereign immunity and is not a jurisdictional issue creating liability. Respondent cites Beeler v. Butte & London Copper Development Co., 41 Mont. 465, 472, 110 P.528, 530, as controlling authority as well as several cases from other jurisdictions in support: Jones v. City of Alhambra, 117 C.A.2d 728, 256 P.2d 628; Gonzalez v. Pacific Fruit Express Co., D.C. Nev., 99 F.Supp. 1012; Hoffman v. Wair, D.C.Ore., 193 F.Supp.727; v. Warford, Maricopa County Municipal C.D.No.1/ 69 Ariz.1, 206 P.2d 1168.

- 3 -

In our view, the rationale in Beeler determines the issue in this case. There we held that although an action against a fellow servant for personal injuries was not maintainable under common law prior to passage of a Montana statute permitting such action, nevertheless the action was subject to the three year statute of limitations on personal injury actions and not to the two year statute on "a liability created by statute". The rationale in Beeler is explained in the following excerpt at page 530 of 110 Pacific:

> "The theory of limitation, as disclosed in the chapter of the Code on that subject, has no reference to the defenses that may or may not be interposed in resistance to a plaintiff's demand; but it is grounded in every instance upon the nature of the demand itself --- whether it be upon a judgment, written contract, account, etc. Subdivision 1, § 6449, must be viewed in the light of the fact that the phrase 'liability created by statute' has come to have a fixed application to a class of cases quite distinct from those elsewhere mentioned or referred to in the same chapter. If the action at bar had been for injuries resulting from the negligence of a vice principal, instead of a fellow servant, it would be recognized at once as a straight action in tort, governed, as to its limitation, without any thought of its being a 'liability created by statute.' Now, the fact that the injury which is the basis of the action, resulted from the negligence of a fellow servant instead of a vice principal does not affect the essential nature of the action; it is still an action for personal injuries founded upon actionable negligence. And while it may properly be said (see Kelly v. Northern Pac. Ry. Co., 35 Mont. 243, 88 Pac. 1009) that under the act approved February 20, 1905, an employer's liability exists where none existed before, yet the true function of that act must be regarded, not as creating a new cause of action, but merely to carry forward the right of the injured party and to remove a defense theretofore available in this class of causes (Dillon v. Great Northern Ry. Co., 38 Mont. 485, 100 Pac. 960). It follows that in the sense employed by the chapter on limitations of actions, this is not an action on a 'liability created by statute,' and the contention that it is barred by subdivision 1, § 6449, is not sound."

This rationale is further strengthened as applied to the instant case by the provisions of section 40-4402, R.C.M. 1947, referring throughout to "sovereign immunity" as a defense:

> "Sovereign immunity defense prohibited when liability insured - reduction of award to policy limits. Whenever an insurer accepts any premium, money, or other consideration from a political subdivision of the state, municipality, or any public body, corporation, commission, board

agency, organization, or other public entity for casualty or liability insurance, neither such insured nor insurer shall raise the defense of sovereign or governmental immunity in any damage action brought against such insured or insurer, and any agreement in the insurance contract permitting the defense of sovereign or governmental immunity is hereby declared void. No attempt shall be made in the trial of an action brought against such political subdivision of the state, municipality, or any public body, corporation, commission, board, agency, organization, or other public entity, to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of plaintiff. If the court shall determine that the defendant could have successfully raised the defense of sovereign or governmental immunity, and if the verdict exceeds the limits of the applicable insurance, the court shall reduce the amount of such judgment or award to a sum equal to the applicable limit stated in the policy." (Emphasis added).

Relator seeks to distinguish Beeler on the basis that it pertains simply to a procedural change which eliminated a common law defense, while the instant case involves a jurisdictional issue bearing on the existence of liability itself. The rationale in Beeler and the language of section 40-4402, R.C.M. 1947, belie such contention. In Beeler, as here, liability existed under the statute where none existed before, but simply by virtue of removal of a defense previously available and not otherwise. This is the law of Montana whatever the law may be in the other jurisdictions under cases cited by relator. Judge Coate was correct in denying relator a summary judgment.

The alternative writ heretofore issued is vacated and this proceeding dismissed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 5 -