

DA 06-0684

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 234

DANIEL R. FILIP,

        Plaintiff and Appellant,

   v.

ALDEN LEE JORDAN, BOOT HILL APPLE, INC.,
a Montana corporation, PATRICK W. RYAN,
d/b/a APPLEBEE'S, and DOES 1 through 5,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 03-1141
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kevin S. Brown, Paoli & Brown, Livingston, Montana

        For Appellees:

            Gavin W. Murphy and Calvin J Stacey, Stacey & Funyak, Billings, Montana

Submitted on Briefs:  July 18, 2007

Decided:  July 2, 2008

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Plaintiff Daniel Filip (Filip) appeals an order of the Thirteenth Judicial District Court, Yellowstone County, granting defendants Boot Hill Apple, Inc., and Patrick W. Ryan's, d/b/a Applebee's, (Applebee's) motion to dismiss his personal injury claim. We reverse and remand.

¶2     The single issue on appeal is whether the District Court erred in concluding that Filip's "Dram Shop Act" claim, brought under § 27-1-710, MCA (1999)[1], is governed by a two-year statute of limitations.

¶3     The salient facts concerning this appeal are straightforward and uncontested. On December 10, 2000, Filip was a passenger in an automobile driven by defendant Alden Lee Jordan (Jordan). They were in an auto accident in which Filip suffered injuries.

¶4     Filip alleges that prior to the accident on December 10, 2000, Jordan was served alcohol at Applebee's restaurant in Billings. Filip also alleges that Applebee's served Jordan alcohol despite knowing he was a minor and that he was intoxicated.

¶5     Filip filed his complaint November 7, 2003. Count I of the complaint alleges negligence by Jordan. Count II alleges liability on the part of Applebee's, pursuant to § 27-1-710, MCA (1999), Montana's "Dram Shop" Act. Count III alleges actual malice on the part of the defendants, pursuant to § 27-1-221, MCA.

¶6     The District Court concluded that Filip's claim under § 27-1-710, MCA (1999), constituted a liability created by statute, and thus the two-year period of limitations provided

2

in § 27-2-211(1)(c), MCA, applied. Because Filip filed his complaint approximately two years and eleven months after the accident, the District Court granted Applebee's motion to dismiss. From that order, Filip now appeals.

¶7 "'The question of whether a district court properly granted a motion to dismiss is a conclusion of law which we review to determine if the court's interpretation and application of the law is correct.'" *Public Lands Access Assn., Inc. v. Jones*, 2008 MT 12, ¶ 9, 341 Mont. 111, ¶ 9, 176 P.3d 1005, ¶ 9 (quoting *Fleenor v. Darby Sch. Dist.*, 2006 MT 31, ¶ 6, 331 Mont. 124, ¶ 6, 128 P.3d 1048, ¶ 6).

¶8 In 1986, the Montana Legislature passed legislation concerning civil liability for individuals and businesses serving alcohol. Section 27-1-710, MCA, provides:

> (1) The purpose of this section is to set statutory criteria governing the liability of a person or entity that furnishes an alcoholic beverage for injury or damage arising from an event involving the person who consumed the beverage.
> (2) Except as provided in 16-6-305, a person or entity furnishing an alcoholic beverage may not be found liable for injury or damage arising from an event involving the consumer wholly or partially on the basis of a provision or violation of a provision of Title 16.
> (3) Furnishing a person with an alcoholic beverage is not a cause of, or grounds for finding the furnishing person or entity liable for, injury or damage wholly or partly arising from an event involving the person who consumed the beverage unless:
>> (a) the consumer was under the legal drinking age and the furnishing person knew that the consumer was underage or did not make a reasonable attempt to determine the consumer's age;
>> (b) the consumer was visibly intoxicated; or
>> (c) the furnishing person forced or coerced the consumption or told the consumer that the beverage contained no alcohol.

---

[1] We note that although the current version of § 27-1-710, MCA, provides for a two-year statute of limitations on Dram Shop claims, the version of the statute in effect at the time of the accident in 2000 did not.

3

¶9 However, prior to passage of § 27-1-710, MCA (1999), a dram shop action grounded in the common law existed in Montana. *See e.g. Nehring v. LaCounte*, 219 Mont. 462, 712 P.2d 1329 (1986); *Jevning v. Skyline Bar*, 223 Mont. 422, 726 P.2d 326 (1986).

¶10 The District Court concluded that because the Legislature enacted § 27-1-710, MCA (1999), Filip's claim was created by statute, and thus the period of limitations is two years under § 27-2-211(1)(c), MCA, which states:

> Actions to enforce penalty or forfeiture or other statutory liability. (1) Within 2 years is the period prescribed for the commencement of an action upon:
>     (c) a liability created by statute . . . .

¶11 This case turns on a determination of whether § 27-1-710, MCA (1999), and its criteria for liability constitutes a liability created by statute. The phrase "liability created by statute" has a settled meaning in Montana law:

> This Court has construed the phrase to mean 'a liability which would not exist but for the statute . . . .' *Abell v. Bishop* (1930), 86 Mont. 478, 486, 284 P. 525, 528 (quoting 37 C.J. *Limitations of Actions* § 123). Put differently, the test is whether liability would exist absent the statute in question. *State ex rel. Fallon County v. District Court* (1972), 161 Mont. 79, 81, 505 P.2d 120, 121. Therefore, a liability created by statute is one which "establishes a new rule of private right unknown to the common law." *Butler v. Peters* (1922), 62 Mont. 381, 384, 205 P. 247, 248. See also 51 Am. Jur. 2d *Limitations of Actions* § 82 (1962) ("Clearly, an action is not based upon a liability created by statute if the right is one which would exist at common law in the absence of statute.").

*Royal Ins. Co. v. Roadarmel*, 2000 MT 259, ¶ 17, 301 Mont. 508, ¶ 17, 11 P.3d 105, ¶ 17.

¶12 The District Court erred when it concluded that potential dram shop liability, now proscribed by § 27-1-710, MCA (1999), is a liability created by statute, and thus subject to a two-year period of limitations. The District Court's analysis focused on the authority of the

4

Montana Legislature to craft exclusive and specific remedies and the Legislature's plenary power to alter common law causes of action. *See e.g. Meech v. Hillhaven West, Inc.*, 238 Mont. 21, 776 P.2d 488 (1989). The Legislature has plenary power to alter common law causes of action, but this is not the same as saying that when the Legislature does so the resulting cause of action is created by statute. As we first stated in *State ex rel. Fallon County v. District Court*, 161 Mont. 79, 81, 505 P.2d 120, 121 (1972), the test for whether a liability is created by statute is whether liability would exist absent the statute in question.

¶13    In this instance, as noted above, Montana recognized a cause of action based on negligently providing alcohol to an intoxicated person prior to the passage of § 27-1-710, MCA (1999). *See Nehring*, 219 Mont. 462, 712 P.2d 1329; *Jevning*, 223 Mont. 422, 726 P.2d 326. Thus, § 27-1-710, MCA (1999), did not "establish[] a new rule of private right unknown to the common law." *Butler v. Peters*, 62 Mont. 381, 384, 205 P. 247, 248 (1922).

¶14    Under Montana common law prior to the passage of § 27-1-710, MCA (1999), Applebee's was potentially liable to Filip for illegally providing alcohol to Jordan. Therefore Filip's cause of action is not a liability created by statute. Accordingly, the three-year period of limitations provided in § 27-2-204, MCA, applies to this action and Filip timely filed his complaint.

¶15    We reverse and remand for further proceedings consistent with this Opinion.


/S/ JOHN WARNER

5

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS