STATE EX REL. VAN ET AL., RELATORS, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,196.)

(Submitted March 15, 1918.   Decided April 19, 1918.)

[172 Pac. 540.]

*Certiorari—Forfeitures—Bail Bonds—Sureties—Jurisdiction.*

Bail Bonds—Forfeiture—Void Judgment.
  1.  *Held,* on *certiorari,* that while the district court may, under section 9468, Revised Codes, summarily enter judgment against the person charged with crime who fails to appear according to the condition of his bond, it exceeds its jurisdiction when it goes further than to authorize proceedings by the county attorney against

the sureties by proper action, and at once enters judgment against them for the amount of the bond.

*Certiorari*—Writ Lies, When.

2. Inasmuch as an appeal does not lie from a judgment summarily entered against the sureties on a bail bond, and there is not any other plain, speedy and adequate remedy, *certiorari* lies to annul it.

[As to questions reviewable on a writ of *certiorari*, see note in 40 **Am. St. Rep.** 29.]

Original application for writ of *certiorari* by the State on the relation of Oliver and Anna Van, running to the District Court of the Fourteenth Judicial District, in and for the County of Wheatland and John A. Matthews, Judge thereof, to annul a judgment declaring a bond, executed by relators, as forfeited. Judgment annulled.

*Mr. Thos. M. Murn,* for Relators, submitted a brief and argued the cause orally.

*Mr. L. D. Glenn,* for Respondents, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* On July 11, 1917, one Roderick K. McLeod was charged by information by the county attorney of Wheatland county, with the crime of arson in the first degree. He was then confined in the county jail. Later he was released on bail in the sum of $2,000, the relators herein becoming his sureties. After one or more postponements, his trial was fixed for January 16, 1918, but he failed to appear according to the condition of his bond. Thereupon the court declared his bond forfeited and summarily rendered and caused to be entered judgment against the relators for the amount thereof. This proceeding was thereupon instituted by them to have the judgment annulled on the ground that the court was without jurisdiction to render it.

The procedure for the forfeiture of bail bonds, the fixing of [1] the liability of the sureties, and the enforcement of the collection of the amount of the penalty are found in Chapter I of Article VII, Title XII of Part II of the Revised Codes. Since the Codes contain no other provisions on the subject, those

found in this Chapter must be looked to by the courts as defining the extent of their power and as the exclusive guide as to the mode of exercising it. The provisions pertinent here are found in sections 9468 and 9471, which are as follows:

"Sec. 9468. When any person under bond or undertaking in any criminal action or proceeding, either to appear and answer, or to prosecute an appeal, or to testify in any court, fails to perform the condition of such bond or undertaking, his default must be entered in the minutes, and judgment entered against him for the amount of such bond or undertaking, and proceedings may be taken to recover judgment against any or all of the sureties thereto in any court having jurisdiction.

"Sec. 9471. If the forfeiture is not discharged, as provided in this Article, the county attorney may at any time proceed by action only against the bail upon their undertaking."

The former section in express terms authorizes the summary entry of judgment against the person under bail when he has incurred forfeiture, but with regard to the sureties goes no further than to authorize proceedings in any court having jurisdiction. The latter authorizes the county attorney to proceed against the sureties by action *only,* if the forfeiture has not in the meantime been discharged as provided elsewhere in the Chapter. (Sec. 9469.) In view of these explicit provisions, the court was wholly without power to render the judgment summarily.

No question is presented as to whether the relators have [2] invoked the proper remedy. It is clear, however, that an appeal does not lie, because, though the judgment is final, it is not "a judgment entered in an action or special proceeding commenced in a district court, or brought in a district court from another court." (Rev. Codes, sec. 7098.) Neither is there any other plain, speedy and adequate remedy. (Rev. Codes, sec. 7203.) *Certiorari* is therefore the proper remedy.

The judgment is annulled.

*Judgment annulled.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.