THE STATE OF MONTANA ON THE RELATION OF ROLLAND E. FOLLOWELL AND THE UNITED BONDING INSURANCE COMPANY, A CORPORATION, RELATORS AND DEFENDANTS, *v.* THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT FOR AND IN THE COUNTY OF FLATHEAD IN THE STATE OF MONTANA, AND THE HONORABLE FRANK I. HASWELL, A JUDGE THEREOF, RESPONDENTS AND PLAINTIFFS.

No. 10988
Decided July 14, 1965.
404 P.2d 162.

Genzberger, Genzberger & Lynch, Butte, submitted on Petition—no oral argument, for relators.

James M. Salansky, County Atty., Kalispell, submitted on Petition—no oral argument, for respondents.

PER CURIAM.

Original proceeding. Petition for writ of supervisory control or other appropriate relief.

From the petition it appears that Rolland E. Followell was charged with the crime of grand larceny by information filed September 17, 1963, in the district court of Flathead County; that upon August 19, 1963, Followell had appeared in the justice court upon the same charge and had furnished a bail bond in the sum of $2,500 which was furnished by the relator, United Bonding Insurance Company, a corporation, and this bail bond was approved by the district judge on August 21, 1963, and Followell ordered released from custody.

Thereafter, Followell was convicted of the crime of burglary in the State of Idaho and sentenced to the Idaho State Prison. The district court of Flathead County set the date for trial and the relator bonding company petitioned the court for a continuance thereof until Followell should be released from the Idaho State Prison and be available for trial and offered to file such undertaking as the court might direct to provide for payment of costs and expenses adjudged reasonable by the court in connection with the continuance of the trial and the return of Followell to the state for such trial. The court granted a continuance of one week but otherwise denied the petition. Followell did not appear on the date set for trial and the court ordered the bail bond forfeited by reason of nonappearance. The relator bonding company then moved the court to set aside its order of forfeiture, and such motion was denied by the court on May 27, 1964. Whereupon the relator bonding company paid the sum of $2,500 to the State of Montana.

Based on these allegations relators contend that the court acted in an arbitrary, unlawful and unwarranted manner and abused its legal discretion, and they seek here an order annulling, vacating and setting aside the district court's order of May 27, 1964.

The order, so far as pertinent here, provides:

"The County Attorney of Flathead County, Montana, is directed to proceed forthwith, by demand, legal action, or otherwise to collect the sum of $2,500.00 from the United

Bonding and Insurance Company, an Indiana Corporation, licensed to do business in the State of Montana, pursuant to the bail bond on file herein and heretofore declared forfeited by this Court for nonappearance of the defendant, Rolland E. Followell, for trial."

Section 94-8705, R.C.M.1947, provides:

"*Default of person under bail.* When any person under bond or undertaking in any criminal action or proceeding, either to appear and answer, or to prosecute an appeal, or to testify in any court, fails to perform the condition of such bond or undertaking, his default must be entered in the minutes, and judgment entered against him for the amount of such bond or undertaking, and proceedings may be taken to recover judgment against any or all of the sureties thereto in any court having jurisdiction."

Section 94-8706, R.C.M.1947, provides:

"*Surety, how discharged.* Any surety on such bond or undertaking may be discharged from any liability thereon, at any time before final judgment against him, upon surrendering to the court or the proper officer the principal in such bond or undertaking, or by paying to the clerk of the court the amount for which he was bound as surety, with such costs as the court shall direct."

Section 94-8708, R.C.M.1947, provides:

"*Forfeiture to be enforced by action.* If the forfeiture is not discharged, as provided in this article, the county attorney may at any time proceed by action only against the bail upon their undertaking."

In view of the provisions of these statutes, what is the situation of relators? The court ordered the bail bond forfeited and directed the county attorney to proceed by demand, legal action or otherwise to collect it as authorized by sections 94-8705 and 94-8708. See State ex rel. Van v. District Court, 54 Mont. 577, 172 P. 540.

Thereupon the bonding company paid the sum of the bail

bond to the State of Montana, all in accordance with section 94-8706. What question then remained? So far as we can observe, none. We must assume that the surety desired to be discharged of its liability under the bail bond and to avert the forthcoming litigation directed by the court to be instituted by the county attorney. If any question existed as to the propriety of the court's actions in denying the petition and motion made by the relator bonding company they could have been put in issue in those proceedings. Rather than attack the court's orders therein the relator bonding company discharged its liability, and now, over a year later seeks relief here. In these circumstances we must hold that the matter is moot.

For these reasons, the writ requested is denied and this proceeding is dismissed.