BRANDT W. KENNEDY, ALSO KNOWN AS B. W. KENNEDY, PETITIONER AND APPELLANT, v. JUSTICE COURT OF BILLINGS TOWNSHIP, YELLOWSTONE COUNTY, MONTANA, ET AL., RESPONDENTS.

No. 10961.

Submitted November 4, 1965. Decided November 18, 1965.

407 P.2d 701.

William G. Mouat, Billings (argued), for appellant.

John L. Adams, Jr., Billings (argued), for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appellant was the petitioner in the district court, seeking the issuance of a writ of certiorari. Respondents filed a motion to dismiss which was granted by the district court and this appeal followed.

It appears that the respondent justice court had fixed a bond for the appearance of one charged with grand larceny under a

justice court complaint at the sum of $2,000 and such bond was furnished. A preliminary hearing was set, and, at the time fixed therefor, the defendant failed to appear. The respondent court noted that it would make a minute entry showing the bond was to be forfeited. Thereafter the county attorney notified the corporate surety upon the bail bond that the defendant had failed to appear for the preliminary hearing and demanded payment of the bond. Later the county attorney applied to the court to forfeit the bond and it was thereupon declared forfeited by the justice court. The corporate surety then remitted the sum of $2,000 to the court and it was deposited with the respondent county treasurer.

So far as this appeal is concerned it is not necessary to discuss all the contentions raised by appellant in his specifications of error. All of the proceedings heretofore related occurred prior to our decision in State ex rel. Followell v. District Court 146 Mont. 48, 404 P.2d 162, which is decisive here.

The proceedings in State ex rel. Followell, supra, are practically identical except a criminal case in the district court was involved; the defendant failed to appear, the court ordered the bail bond forfeited, and thereafter the bonding company voluntarily paid the amount of the bail bond. After reviewing the applicable statutes in that case we stated:

"Thereupon the bonding company paid the sum of the bail bond to the State of Montana, all in accordance with section 94-8706. What question then remained? So far as we can observe, none. We must assume that the surety desired to be discharged of its liability under the bail bond and to avert the forthcoming litigation directed by the court to be instituted by the county attorney. If any question existed as to the propriety of the court's actions in denying the petition and motion made by the relator bonding company they could have been put in issue in those proceedings. Rather than attack the court's orders therein the relator bonding company discharged its liability, and now, over a year later seeks relief here. In these circumstances we must hold that the matter is moot."

Section 94-100-41, R.C.M.1947, provides in relevant part: "* * * The provisions of this code relative to bail are applicable to bail in justices' or police courts." Therefore the provisions of section 94-8705, R.C.M.1947, are applicable and that statute provides that if a person under bond does not appear his default must be entered in the minutes. Further, it authorizes proceedings against the sureties "in any court having jurisdiction." The justice court can enter the default and order the bond forfeited. The fact that such court had no jurisdiction to entertain an action against the sureties does not deprive it of its statutory power as above stated.

The contentions raised here by appellant only tend to create distinctions without differences. The matter is moot and the order of the district court should be affirmed.

It is so ordered.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR, DOYLE and CASTLES concur.