No.    90-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CITY OF HELENA,

  Plaintiff and Respondent,

 v.

JIM BUCK,

  Real Party in Interest, Defendant
  and Appellant.


APPEAL FROM: District Court of the First Judicial District,
      In and for the County of Lewis and Clark,
      The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

  For Appellant:

    Michael Donahoe, Esq., Helena, Montana

  For Respondent:

    David N. Hull, City Attorney, Helena, Montana

FILED

Filed: FEB 1 9 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: January 10, 1991

     Decided: February 19, 1991

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the First Judicial District, Lewis and Clark County, dismissed Jim Buck's appeal from Helena City Court and his alternative application for a writ of certiorari. Buck appeals. We affirm in part, reverse in part, and remand.

The issue is whether the District Court erred in granting the motion to dismiss.

Acting as an agent for American Bankers Insurance Company, defendant and appellant Jim Buck wrote bail bonds for defendants in criminal cases in Helena, Montana. Four of those defendants did not appear in the City Court of Helena at the designated times and the court ordered that their bail bonds be forfeited. The orders of bond forfeitures were issued on December 9, 1989; February 28, 1990; April 19, 1990; and May 4, 1990.

Buck refused to pay the forfeitures. On May 11, 1990, the City Court issued an order requiring him to show cause why he had not done so. At the show cause hearing on May 24, 1990, Buck argued that each of the four defendants had appeared in court within twenty-four hours of the scheduled hearing and had a reasonable explanation for the failure to appear. The City Court refused to accept Buck's argument and orally advised him that the forfeiture orders remained in effect.

Buck filed a notice of appeal "of the final order of forfeiture that was entered by the City Court on May 24, 1990." The

notice of appeal was received in the City Court on June 25, 1990, and filed in District Court on July 6, 1990.

The District Court granted the motion of the City of Helena to dismiss the appeal as untimely. It ruled that this was a civil case subject to the thirty-day time for appeal under § 25-33-102, MCA, and that judgments were rendered on the dates of the orders that bonds be forfeited, the last of which was May 4. It concluded that the June 25 notice of appeal was untimely as to all four forfeitures. The District Court denied Buck's alternative request that his papers be treated as a petition for a writ of certiorari because 1) the papers were not filed within thirty days of the judgments forfeiting the bail bond money, and 2) the proper procedure for applying for a writ of certiorari was not followed.

Did the District Court err in granting the motion to dismiss?

Section 46-9-503(3), MCA, provides:

> (3) If at any time within 30 days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail to be discharged upon such terms as may be just.

The City of Helena argues that when Buck brought each defendant in to court within twenty-four hours of the scheduled hearing, he made the appearance allowed under § 46-9-503(3), MCA. We disagree. The statute does not grant one appearance, it grants thirty days. As

3

to each forfeiture, Buck was entitled to a period of thirty days in which to appear and offer an excuse justifying discharge of forfeiture of the bond.

As to the first three forfeitures, more than thirty days passed before the City Court took further action. As to the May 4 forfeiture, however, Buck was not granted the thirty days to which he was entitled under § 46-9-503(3), MCA. The May 24 show cause hearing occurred less than thirty days after the May 4 forfeiture.

Because no order or final judgment issued out of the May 24 hearing, we must agree with the District Court and with the City of Helena that there is no right of appeal from that hearing. See §§ 25-33-101 and 46-17-311, MCA. We therefore affirm the judgment of the District Court dismissing the appeal from City Court to District Court.

We next turn to the matter of the application for a writ of certiorari. The procedural requirements for filing an application for a writ of certiorari are set forth at § 27-25-201, MCA. That section provides that an application for the writ must be made on affidavit by the party beneficially interested. Those procedural requirements were met when Buck submitted to the District Court an affidavit asking that his papers be considered as an application for a writ of certiorari. There is no requirement that an applica-

4

tion for a writ of certiorari be filed within thirty days of judgment.

Under § 27-25-102, MCA, a writ of certiorari may be granted when an inferior tribunal has exceeded its jurisdiction and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy. We conclude that certiorari is a proper remedy as to the May 24 hearing on the May 4 forfeiture because the lower court has exceeded its jurisdiction and there is no remedy of appeal. See State ex rel. Van v. District Court (1918), 54 Mont. 577, 172 P. 540.

We affirm the judgment of the District Court as to the first three forfeitures. As to Buck's May 4 forfeiture, we reverse the District Court's judgment denying the application for a writ of certiorari and direct that on remand to the City Court, Buck be granted thirty days to present his argument why that forfeiture should not occur.

_____
Chief Justice

5

We concur:

_John Conway Harrison_

_[signature]_

_William E Hunter_

_R. C. McDonough_
Justices

6