No. 03-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT  294

GORDON MARCHER,

        Plaintiff and Appellant,

   v.

JIM BONZELL and JIM MARKS,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and for the County of Yellowstone, Cause No. DV 2000-842
                   The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Jack E. Sands, Attorney at Law, Billings, Montana

       For Respondents:

           William J. O'Connor II, O'Connor & O'Connor, Billings, Montana

Submitted on Briefs:  December 30, 2003

Decided:   October 26, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Gordon Marcher appeals an order of the District Court for the Thirteenth Judicial District, Yellowstone County, remanding this case to the Yellowstone County Justice Court for a new trial. We reverse.

¶2 Marcher raises the following issues on appeal:

¶3 1. Did the Justice Court have jurisdiction over the complaint filed by Marcher?

¶4 2. Did the District Court have authority under § 27-25-102, *et seq.*, MCA, to grant a writ of certiorari setting aside the Justice Court Judgment?

¶5 Because we find his second issue dispositive, we do not address Marcher's first issue.

### Factual and Procedural Background

¶6 Marcher filed a complaint in the Yellowstone County Justice Court on February 4, 1999, requesting damages and attorney's fees from his landlords, Jim Bonzell and Jim Marks. Marcher had entered into a month-to-month rental agreement with Marks and Bonzell wherein Marks and Bonzell agreed to rent a house in Billings to Marcher. The rent was $300 per month and began in December 1997. Marcher alleged in his complaint that on May 15, 1998, knowing Marcher to be absent, Marks and Bonzell, or their agents, removed all of Marcher's personal belongings from the house and left them unsecured out in the open yard. Marcher further alleged that much of the property abandoned in the yard was stolen. Marcher valued the property at $8,138.00.

¶7 Marcher's complaint specifically referenced the provisions of the Residential Landlord and Tenant Act of 1977, found at Title 70, Chapter 24, Montana Code Annotated.

2

In addition to actual damages in the amount of $8,138.00, Marcher requested treble damages pursuant to § 70-24-411, MCA, and attorney's fees.

¶8 Marks was served on February 4, 1999, but defendant Bonzell was not located. Marks did not respond to the complaint and default was entered against him on May 20, 1999. The Justice Court ordered that Marks pay actual damages in the amount of $8,138.00, treble damages in the amount of $24,414.00, and costs of $44.05, for a total of $32,596.05. Notice of entry of judgment was sent to Marks at the address where he was served with the summons and complaint. Marks did not appeal the judgment against him.

¶9 On August 29, 2000, Marks filed in the District Court a document entitled "Motion for Writ of Certiorari to Set Aside Judgment and Memorandum in Support Thereof " wherein he argued that because Marcher's request for damages exceeded the jurisdictional limit of the Justice Court of $5,000.00, the Justice Court was acting without jurisdiction and its decision is void. In this document, Marks used the same heading and indicated the same parties as Marcher's original complaint in Justice Court. The certificate of service accompanying the motion indicated that a copy was sent to Marcher's attorney, Jack Sands, however, no service was made on Marcher or on the Justice Court. No action was taken on the motion until August 29, 2001, when the District Court filed its notice of intent to dismiss for failure to prosecute.

¶10 On September 12, 2001, Marks filed a motion to maintain the case stating that his previous counsel had been unavailable and now is no longer practicing law. Marks requested that the case remain open for another 60 days to allow him to make the necessary filings.

3

The District Court so ordered, and on November 9, 2001, Marks filed a Supplemental Memorandum in Support of Motion wherein he argued that at the time Marcher filed his complaint, the limit for every kind of case in which the Justice Court could otherwise exert jurisdiction was $5,000.00. Marks also argued that, rather than trebling damages as allowed by § 70-24-411, MCA, the Justice Court actually quadrupled the damages. Hence, Marks asserted that the Justice Court's Judgment should be set aside as void by reason of want of jurisdiction.

¶11 Marcher filed his brief in opposition on December 3, 2001. In his brief he argued that the Justice Court had jurisdiction under § 3-10-302, MCA, which provides that justice courts have concurrent jurisdiction with the district courts within their respective counties in actions brought under Tile 70, Chapter 24, Montana Code Annotated. Marcher also argued that the writ is improper because there was already a plain, adequate and speedy remedy available to Marks in this case.

¶12 No hearing was held in the matter although the judge and counsel held an informal conference in chambers regarding this case. Without further action, the District Court granted the writ of certiorari on June 19, 2003, and remanded the case to Justice Court "with discretion to set aside the judgment there, to set aside defendant's default there, and for the Justice Court to notify defendant of the time available for defendant to answer plaintiff's complaint, whereupon the case should proceed anew in the Justice Court." Marcher appeals.

**Standard of Review**

4

¶13    We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Riverview Homes II, Ltd. v. Canton*, 2001 MT 309, ¶ 12, 307 Mont. 517, ¶ 12, 38 P.3d 848, ¶ 12 (citing *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686).  We review a district court's findings of fact to determine whether those findings are clearly erroneous.  *Riverview*, ¶ 12 (citing *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906).

## Discussion

¶14    Before addressing the substantive issue in this case, we address two matters raised by Marks.  First, Marks contends that the appeal in this case should be dismissed because the case is not ripe for appeal pursuant to Rule 1, M.R.App.P.  Marks maintains that since the District Court remanded the matter to the Justice Court for a new trial, final action has not yet been taken by the lower court.  Marks' first motion is without merit as Rule 1(b)(2), M.R.App.P., grants specific authority to appeal from an order granting a new trial.

¶15    Second, Marks contends that this case should be dismissed because no meaningful mediation, as required by Rule 54, M.R.App.P., took place since Marcher was not present at the mediation conference and his attorney did not have sufficient authority to settle the case.  Attached to Marks' brief on appeal, is a copy of the Mediator's Report wherein the mediator noted that Marcher was not present because there was a failure of communication between Marcher and his counsel as to the time and place of the mediation conference.  The mediator also noted that counsel "purportedly had limited authority to settle" the case.

5

¶16    Rule 54(e)(8), M.R.App.P., does not require that Marcher be personally present. The Rule only requires that "[e]ach party, or a representative of each party with authority to participate in settlement negotiations and effect a complete compromise of the case, shall be required to participate in the mediation conference."

¶17    Attached to Marcher's response brief is an affidavit from Marcher's counsel wherein counsel asserted that he was prepared to negotiate on Marcher's behalf at the mediation conference, but when presented with "a last best offer" from Marks, counsel rejected the offer based on his previous conversations with Marcher. In addition, the mediator obtained Marks' consent to hold the offer open for a few days and when counsel discussed the offer with Marcher, Marcher too rejected it. Based on this information, we conclude that the mediation was unsuccessful because the parties were too far apart in their positions, not because of any failure to meaningfully participate in the mediation process. Consequently, Marks' second motion to dismiss is also without merit.

¶18    *Did the District Court have authority under § 27-25-102, et seq., MCA, to grant a writ of certiorari setting aside the Justice Court Judgment?*

¶19    Marcher argues on appeal that the writ of certiorari should never have been issued because there was an adequate remedy of appeal; there was no service on Marcher or the Justice Court; the Justice Court was not properly made a party to the action; the motion was not supported by an affidavit; no transcript from the Justice Court proceedings was considered; and no hearing was held before the writ was summarily issued. Since we agree with Marcher's first argument that because there was an adequate remedy of appeal in this

6

case the writ of certiorari should never have been issued, we do not address his other arguments.

¶20 Section 27-25-102, MCA, pertaining to writs of certiorari, otherwise referred to as writs of review, provides:

> **When and by whom granted.** A writ of review may be granted by:
> (1) the supreme court and any justice of the supreme court, in proceedings for contempt in the district court; or
> (2) the supreme court or the district court or any judge of those courts, when a lower tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of the tribunal, board, or officer and *there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy.* [Emphasis added.]

Thus, in order for a writ of certiorari to issue, the petitioner must show that (1) the lower tribunal acted in excess of its jurisdiction and (2) the petitioner either has no appeal or, in the judgment of the court, any plain, speedy and adequate remedy. If either of these tests are not satisfied, then the court does not have jurisdiction to issue the writ. *Bridger Canyon Property Owners' Ass'n. v. Planning & Zoning Comm'n* (1995), 270 Mont. 160, 165, 890 P.2d 1268, 1271 (citing *City of Helena v. Buck* (1991), 247 Mont. 313, 315, 806 P.2d 27, 29). *See also Schaefer v. Egeland*, 2004 MT 199, ¶ 10, 322 Mont. 274, ¶ 10, 95 P.3d 724, ¶ 10; *Lee v. Lee*, 2000 MT 67, ¶ 23, 299 Mont. 78, ¶ 23, 996 P.2d 389, ¶ 23.

¶21 In the instant case, there was a plain, speedy and adequate remedy of appeal from the Justice Court, but Marks failed to pursue it. Accordingly, we hold that the District Court did not have jurisdiction to consider the writ.

¶22 Reversed.

7

/S/ JAMES C. NELSON


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE

8