IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-353

FILED

OCT 05 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

HOWARD R. HEINLE,

    Petitioner,

v.

FOURTH JUDICIAL DISTRICT COURT
OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF MISSOULA,
HONORABLE DOUGLAS G. HARKIN,
Presiding Judge,

    Respondent.

O P I N I O N
A N D
O R D E R

Justice Terry N. Trieweiler delivered the opinion and order of the Court.

Howard R. Heinle petitioned this Court for a writ of certiorari requesting that a default judgment entered against him by the District Court for the Fourth Judicial District, Missoula County, be declared void on the basis that the court exceeded its jurisdiction when it modified the provisions of a California dissolution decree with respect to child support.

On January 21, 1987, the Superior Court of California, County of San Joaquin, dissolved the marriage of Verleen V. Heinle and Howard R. Heinle. In the dissolution decree, Howard was ordered to pay Verleen $180 per month for the support of the parties' two minor children.

1

In August 1990, Verleen and the children moved to Montana. Seven months later, Verleen moved the District Court in Missoula to modify the California decree with respect to child support and visitation. Verleen stated that the visitation provisions of the original decree were no longer practical due to the geographical locations of the parties, and that Howard had sufficient earning capacity to pay child support consistent with Montana's child support guidelines. No evidence was presented regarding a basis for the court to exercise personal jurisdiction over Howard, and Verleen's petition contained no recitations to satisfy the jurisdictional requirements of § 40-4-210, MCA, or Rule 4B, M.R.Civ.P., for the exercise of personal jurisdiction over nonresident defendants in matters of child support.

Howard was personally served in California in accordance with Rule 4D(3), M.R.Civ.P., on February 28, 1991. On April 15, 1991, Verleen petitioned the District Court for a default judgment on the basis that Howard had made no appearance as of that date. The court entered a default judgment on that same day, ordering Howard to pay $602 per month in child support, and modifying his visitation rights.

The default judgment was sent to Howard in California; he does not allege that it was not received, nor that he was unaware of the judgment entered against him.

On May 6, 1992, Verleen petitioned the District Court for an order requiring that the support payments be made through the clerk of court's office, and requested the court to reduce child suppor⁺

2

arrearages to a judgment amount. Howard had been paying the support due under the California decree, although he was approximately three months delinquent in those payments, but had not been paying the amounts required under the Montana order. He was served by mail with Verleen's motions and notice of the scheduled court date. Howard did not appear at the hearing, and a judgment was subsequently entered against him in the amount of $6656.

Approximately one year later, on April 20, 1993, Verleen applied to the Superior Court of California to obtain an order for the sale of Howard's California residence in order to satisfy the judgment. Howard then filed a motion in the Montana District Court for a restraining order to enjoin Verleen from executing on the judgment on the basis that the 1991 default judgment entered by the Montana court was void for lack of subject matter and personal jurisdiction. He also claimed that Verleen's subsequent motions had been defectively served on him because service had been by mail, and therefore, the judgment based on those motions was also void.

Howard's motion was denied on the basis that he had waived the defense of lack of personal jurisdiction pursuant to Rule 12(h), M.R.Civ.P., by his failure to appear in the action prior to the entry of the default judgment. The court also rejected Howard's arguments regarding service of process defects because Verleen's subsequent motions did not constitute "new or additional claims" which would have required personal service.

3

On a motion to reconsider, Howard claimed that he had not waived the right to object to personal jurisdiction because he had not made a voluntary appearance, as contemplated by Rule 12(h), before the judgment was entered against him. The court denied this motion.

The petition for writ of certiorari was filed with this Court on July 20, 1993. Howard claims that the court exceeded its jurisdiction when it modified the California decree with respect to child support because it lacked personal jurisdiction over him. He does not challenge the District Court's jurisdiction to modify the original decree's provisions in regard to visitation. Howard seeks relief through a writ of certiorari because his home is in danger of being sold to satisfy the Montana judgment and he has no "plain or speedy remedy" through the usual course of appeal.

Under § 27-25-102, MCA, a writ of certiorari may be granted when an inferior tribunal has exceeded its jurisdiction and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy. *City of Helena v. Buck* (1991), 247 Mont. 313, 806 P.2d 27. A certiorari proceeding is limited to a review of the lower court's record for the sole purpose of determining from such record whether the tribunal had jurisdiction to do the act, to make the order, or to render the judgment about which the petitioner complains. *Lay v. District Court* (1948), 122 Mont. 61, 198 P.2d 761. For reasons which will be set forth, we conclude that certiorari is a proper remedy in this instance because the District Court exceeded

4

its jurisdiction when it entered the default judgment on April 15, 1991, and Howard has no other adequate remedy.

Although Howard raises several issues regarding jurisdiction and service of process, the arguments set forth by the parties focus mainly on the question of whether Howard waived his right to raise a personal jurisdiction objection by not filing a timely objection under Rule 12(b), M.R.Civ.P. However, after reviewing the record, and based on our decision in *Prentice Lumber Company v. Spahn* (1970), 156 Mont. 68, 474 P.2d 141, we conclude that the dispositive question is whether the court had a constitutional basis to exercise personal jurisdiction over Howard and enter a money judgment against him. It is well established that if a court does not properly acquire personal jurisdiction over a defendant, a default judgment entered against that defendant is void. *Marriage of Blaskovich* (1991), 249 Mont. 248, 250, 815 P.2d 581, 582; *Shields v. Pirkle Refrigerated Freight Lines, Inc.* (1979), 181 Mont. 37, 45, 591 P.2d 1120, 1125.

In *Prentice Lumber*, we considered whether a defendant had waived his right to assert lack of personal jurisdiction by not raising this defense in his initial response. Because the defendant had filed a motion pursuant to Rule 12(b), M.R.Civ.P., in which subject matter, but not personal, jurisdiction was challenged, we held that the defense had been waived pursuant to the explicit provisions of Rule 12(h), M.R.Civ.P. However, that holding was immaterial because we concluded that, regardless of the question of waiver,

5

the dispositive issue in that case was whether the Montana court had proper jurisdiction over the person of a nonresident defendant. *Prentice Lumber*, 474 P.2d at 143. After analyzing constitutional considerations, and whether the state had long-arm jurisdiction under Rule 4B, M.R.Civ.P., we found that the defendant was subject to the jurisdiction of the court.

We believe that same analytic approach is proper in this instance; the question of waiver is immaterial because the controlling consideration is whether the Montana court had a constitutional basis to exercise personal jurisdiction over Howard and whether the judgment against him was, therefore, valid and binding.

In *Marriage of Appleton* (1988), 234 Mont. 345, 763 P.2d 658, we clarified that courts of this state must have *in personam* jurisdiction over a nonresident parent before a judgment ordering child support can be entered. In that case, although the court's custody determination was upheld because the court had jurisdiction over the children living in the state, the husband demonstrated that he had been residing in Tennessee when served with process and had taken no actions which would subject him to the long-arm jurisdiction conferred in Rule 4B, M.R.Civ.P. On that basis, we held that the court lacked *in personam* jurisdiction to enter a money judgment against the defendant, and the court's support order was vacated. *Appleton*, 763 P.2d at 350.

Section 40-4-210, MCA, allows Montana courts to exercise personal jurisdiction over nonresident parents in child support matters in situations where a parent previously resided in the state with the child, or when the child was conceived or adopted in the state when at least one parent was a resident. Absent those specific situations, which are not applicable in this case, a court can exercise personal jurisdiction over a nonresident defendant only if "there is any basis consistent with the constitutions of this state and the United States." Section 40-4-210(4), MCA.

This Court has consistently held that in order to satisfy constitutional guarantees, a court must undertake an analysis of whether a nonresident defendant has sufficient contacts with the forum state in order for that state to assume personal jurisdiction. *Edsall Construction Co. v. Robinson* (1991), 246 Mont. 378, 804 P.2d 1039; *Simmons Oil v. Holly Corp.* (1990), 244 Mont. 75, 796 P.2d 189; *Nelson v. San Joaquin Helicopters* (1987), 228 Mont. 267, 742 P.2d 447. Rule 4B, M.R.Civ.P., sets forth the types of activities undertaken by nonresidents which can give rise to the acquisition of personal jurisdiction by courts of this state and which comport with constitutional guarantees. In this instance, there are simply no facts in the record to suggest that Howard engaged in any of these activities, nor are there any facts to suggest that Howard had sufficient "minimum contacts" to warrant a Montana court assuming personal jurisdiction over him. Other than assisting the family in moving to Montana and arranging for visitation, the record contains

7

no evidence that Howard had any contact with Montana prior to the entry of the default judgment.

In *Kulko v. California Superior Court* (1978), 436 U.S. 84, the United States Supreme Court considered a similar situation to the one presented here. In *Kulko*, the Court held that a nonresident father whose only contact with the forum state was that his children resided there could not be haled into court in an action for increased child support payments. The Court concluded that the state's interest in protecting resident children did not make that state a proper forum if the nonresident parent lacks sufficient minimum contacts with the forum state.

Although this Court similarly recognizes the need to ensure that nonresident parents provide support for their children, we conclude, as did the Court in *Kulko*, that, in the absence of evidence that Howard had contacts with this state other than the mere fact that his children reside here, the Missoula court's exercise of personal jurisdiction over Howard in 1991 was not constitutionally warranted. Therefore, the default judgment entered against Howard with respect to child support is void.

Before concluding, we will respond to an argument raised by the District Court in its opposition to the petition for writ of certiorari. The court correctly points out that an indispensable requirement for granting a writ is that the order or judgment complained of is not appealable. *State ex rel. Gates v. District Court* (1923), 69 Mont. 322, 221 P. 543. Because an order modifying child custody

8

and support is "a special order made after final judgment" from which appeal can be taken, the court contends that Howard should have appealed from that judgment in a timely manner, and should not now be allowed to seek relief through a writ proceeding.

We would simply note that since the court had no constitutional basis to exercise jurisdiction over Howard, it cannot compel him to challenge jurisdiction in accordance with Montana's rules of civil or appellate procedure. There is no need to appeal from a judgment that is void. Therefore, certiorari is not prohibited in this instance because Howard does not have an adequate remedy of appeal.

For the reasons stated, the writ of certiorari is GRANTED.

IT IS HEREBY ORDERED that the provisions of the 1991 default judgment ordering Howard R. Heinle to pay $602 per month in child support, and the subsequent judgment reducing the arrearages to an amount, are vacated.

DATED this ____ day of October, 1993.

_____
Justice

We concur:

_____
Chief Justice

_____

9

William E Hunt Sr

Karla M. Gray

                    Justices

October 5, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Paul Neal Cooley, Esq.
Skelton & Cooley
101 E. Main
Missoula, MT 59802

Randy Harrison
Harrison Law Office
210 No. Higgings Ave.
Missoula, MT 59802

Hon. Douglas G. Harkin
District Judge
Missoula County Courthouse
Missoula, MT 59802

Nancy E. Gunderson
Attorney at Law
200 W. Broadway, Department 4
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
   Deputy