No. 98-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 256

CROWELL ANDREW CARDNEAUX,

a Minor Child,

CATHY C. CARDNEAUX,

Petitioner and Respondent,

v.

CHRISTOPHER CARDNEAUX,

Respondent and Appellant.

No

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chris J. Nelson; Nelson Law Firm, Billings, Montana

For Respondent:

Joan Meyer Nye; Nye & Meyer, Billings, Montana

No

Submitted on Briefs: July 29, 1998

Decided: October 27, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Christopher Cardneaux (Christopher) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, concluding that he consented to the court's jurisdiction in the underlying child support case and, on that basis, denying his motion to dismiss for lack of personal jurisdiction. We affirm.**

¶ **The sole issue on appeal is whether the District Court erred in concluding that Christopher had submitted to its exercise of personal jurisdiction by consent.**

*BACKGROUND*

¶ **A Louisiana court dissolved the marriage of Christopher and Cathy Cardneaux**

(Cathy) on November 15, 1989. In accordance with the parties' stipulated joint custody plan, that court's judgment awarded joint custody of their minor child, Crowell Andrew Cardneaux (Andrew), and designated Cathy as the domiciliary and residential parent, with specified visitation rights in Christopher. Christopher was ordered to pay child support monthly.

¶ On February 8, 1991, Cathy filed a "Petition for Modification of Custody (Foreign Decree/Judgment)" in the Thirteenth Judicial District Court, Yellowstone County, Montana. Her petition sought adjustment of the visitation schedule, child support, and health care obligations contained in the Louisiana court's judgment. Christopher moved to dismiss Cathy's petition insofar as it sought modification of the child support and health care obligations contained in the Louisiana judgment, claiming the District Court lacked personal jurisdiction over him. On August 7, 1991, the District Court granted Christopher's motion. It concluded that, while it had jurisdiction as to custody and visitation matters pursuant to the Uniform Child Custody Jurisdiction Act, it lacked jurisdiction over Christopher, a nonresident parent, to modify the child support and related health care obligations ordered by the Louisiana court.

¶ Thereafter, Christopher and Cathy entered into a stipulation to modify the Louisiana judgment by increasing the amount of child support, modifying their obligations for Andrew's health care and amending the visitation schedule. They filed the stipulation and, on September 17, 1991, the District Court issued an order adopting the stipulation and modifying the Louisiana judgment accordingly.

¶ In 1997, Cathy filed a motion to amend the court's 1991 order to alter Christopher's obligations for Andrew's health care. In response, Christopher filed a special appearance seeking dismissal of Cathy's motion on the basis that the District Court did not have personal jurisdiction over him. After the parties briefed the jurisdiction issue, the District Court concluded that Christopher's 1991 stipulation constituted submission to its jurisdiction by consent under § 40-4-210(2), MCA, and denied his motion to dismiss. The District Court ultimately granted Cathy's motion to amend and increased Christopher's health care obligations for Andrew. Judgment was entered accordingly and Christopher appeals from the District Court's denial of his motion to dismiss.

## STANDARD OF REVIEW

¶ A motion to dismiss is construed in a light most favorable to the nonmoving party and should not be granted unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief. Stenstrom v. State (1996), 280 Mont. 321, 325, 930 P.2d 650, 652 (citing Hilands Golf Club v. Ashmore (1996), 277 Mont. 324, 328, 922 P.2d 469, 471-72). Here, the District Court denied Christopher's motion to dismiss based on its conclusion that it had personal jurisdiction over him. We review a district court's conclusions of law to determine whether the interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

## *DISCUSSION*

¶ **Did the District Court err in concluding that Christopher had submitted to its exercise of personal jurisdiction by consent?**

¶ A court of this state must have *in personam* jurisdiction over a nonresident parent prior to entering a judgment ordering--or modifying--child support. *See* Heinle v. Fourth Judicial Dist. Court (1993), 260 Mont. 489, 493, 861 P.2d 171, 174 (citation omitted). Personal jurisdiction can be obtained pursuant to specific situations enumerated in § 40-4-210, MCA, one of which authorizes a district court to exercise personal jurisdiction to modify child support-related aspects of a foreign decree if "the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document that has the effect of waiving any contest to personal jurisdiction[.]" Section 40-4-210(2), MCA. Where none of the specified situations exist, personal jurisdiction can be exercised over a nonresident parent only if "there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction." Section 40-4-210(8), MCA. Where subsection (8) is asserted as the basis for exercising personal jurisdiction, our analysis proceeds under the long-arm jurisdiction conferred by Rule 4B, M.R.Civ.P. *See Heinle*, 260 Mont. at 493-94, 861 P.2d at 174.

¶ In this case, the District Court concluded that the stipulation Christopher entered into in 1991 constituted consent to the District Court's jurisdiction as provided in § 40-4-210(2), MCA. That stipulation, filed in the District Court, specifically recited that:

> [T]he Petitioner, CATHY C. CARDNEAUX, and the Respondent,

> CHRISTOPHER CARDNEAUX, . . . hereby stipulate and agree that the court may modify the joint custody plan, order and decree of the Fifteenth Judicial District Court, LaFayette Parish, Louisiana, docket number 88-2640-C and this Court's order dated August 7, 1991 . . . .

Among other things, the stipulation and the District Court's order adopting it increased Christopher's child support and modified his health care expense obligations relating to the child originally set forth in the Louisiana judgment.

¶ **Christopher contends that the plain meaning of the recitals in the stipulation is that he and Cathy agreed to allow the Louisiana court, not the District Court, to modify the child support-related obligations. He argues that his contention is reinforced by the last portion of the recitals where the parties distinguished between the Louisiana court and "this Court's" order dated August 7, 1991. Christopher's position is without merit.**

¶ **The recitals in the stipulation clearly constitute an agreement by Christopher and Cathy to allow the District Court to modify both the 1989 Louisiana judgment and its own order dated August 7, 1991, which concluded that personal jurisdiction over Christopher was lacking. The first reference to "the court" can only refer to the District Court, since that is the court in which the stipulation was filed by the parties and in which Cathy's petition to modify the Louisiana judgment was pending. This plain reading of the language to which the parties agreed is further buttressed by the fact that Christopher did not object to, or appeal from, the District Court's order adopting the stipulation and modifying the financial aspects of the Louisiana judgment accordingly. Thus, we conclude that the stipulation reflects Christopher's consent to the District Court's exercise of** *in personam* **jurisdiction over him for purposes of modifying both the child support-related aspects of the Louisiana judgment and the District Court's earlier order declining to modify those portions of the Louisiana judgment for lack of personal jurisdiction over Christopher.**

¶ **Christopher also argues that he could not have stipulated to the District Court's exercise of personal jurisdiction over him because the District Court previously had refused to modify the child support and health care obligations contained in the Louisiana judgment. This argument borders on the frivolous.**

¶ **In its order dated August 7, 1991, the District Court responded to Christopher's**

jurisdictional challenge by concluding that it lacked personal jurisdiction over Christopher--a nonresident parent--to modify the child support-related provisions of the Louisiana judgment. Nothing in that order prevented Christopher from later submitting himself to the personal jurisdiction of the District Court via consent, as he did by entering into the stipulation. While it is true that Christopher's initial jurisdictional challenge would have been preserved and remained effective absent his subsequent consent to the District Court's exercise of personal jurisdiction over him (*see* Spencer v. Ukra (1991), 246 Mont. 430, 433, 804 P.2d 380, 382;

Foster Apiaries, Inc. v. Hubbard Apiaries, Inc. (1981), 193 Mont. 156, 160, 630 P.2d 1213, 1215), the fact remains that he did submit himself to the District Court's jurisdiction by consent for purposes of modifying the child support-related portions of the Louisiana judgment and the District Court's earlier order.

¶ We hold that the District Court did not err in concluding, under § 40-4-210(2), MCA, that Christopher submitted to its exercise of personal jurisdiction over him by consent and in denying his motion to dismiss on that basis.

¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART