FILED

12/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0270

DA 23-0270

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 252

AMERICAN EXPRESS NATIONAL BANK,

      Plaintiff and Appellant,

   v.

JOCELYN BORN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DV-2022-858
                 Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Stacey Hummel, Clifton Rodenburg, Dylan Evans, Rodenburg Law Firm, Fargo, North Dakota

      For Appellee:

      Jocelyn Born, Self-represented, Billings, Montana

                        Submitted on Briefs:  September 13, 2023

                                Decided:  December 27, 2023

Filed:

                       _____
                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant American Express National Bank (Amex) appeals the orders of the Thirteenth Judicial District Court, Yellowstone County, which disallowed a "Stipulation and Consent" entered by Amex and Defendant/Appellee Jocelyn Born (Born) for entry of a consent judgment that Born was liable for an indebtedness of $19,368.19 to Amex, in settlement of pending litigation, and dismissed the matter with prejudice. We address:

> *Did the District Court err by disallowing the parties' stipulation for entry of a consent judgment and dismissing the action with prejudice?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 On August 23, 2022, Amex initiated this litigation by filing a complaint against Born in the Thirteenth Judicial District Court, alleging that, as a holder of an American Express credit card, Born had accumulated a debt of $20,754.69 that she had failed to repay in accordance with her credit card agreement with Amex, despite Amex's demands for repayment. In September 2022, the parties entered a "Stipulation and Consent" (Stipulation) stating that "[Born] consents to the entry of judgment for the amount of $20,754.69, costs of $233.50 and any additional costs and disbursements to date of judgment," and listing a total repayment amount of $20,988.19.[1] In January 2023, this Stipulation was submitted to the District Court, formatted as a pleading and filed in the

---

[1] *See generally*, *Tidyman's Mgmt. Servs. v. Nat'l Union Fire Ins. Co.*, 2016 MT 201, ¶ 20, 384 Mont. 335, 378 P.3d 1182 ("By definition, a stipulated or consent judgment is not a court's or a jury's calculation of actual damages to which individual plaintiffs are entitled, but rather the amount for which two parties have freely agreed to settle a claim. As we have said before, [a] consent judgment is a judgment, the provision and terms of which are settled and agreed to by the parties to the action." (Internal quotation and citation omitted)).

pending case, and signed by Born and counsel for Amex. Also submitted was an affidavit submitted by Amex's counsel certifying that the amount owed was the reduced amount of $19,368.19, reflecting payments made by Born on the account.

¶3 The District Court initially entered a Judgment on Consent granting Amex a judgment against Born in the amount of $19,368.19. However, later the same day, the District Court entered an order vacating the judgment, and issued an accompanying order dismissing the litigation with prejudice, reasoning that:

> The parties entered a Stipulation and Consent on or about September 28, 2022 for $20,988.19 with monthly consecutive payment arrangements of $405.00. *Now, American Express has filed an Affidavit alleging that Born defaulted on the payment arrangements agreed upon in the Stipulation and Consent.* American Express asks the Court to enter a Judgment on Consent for $19,368.19, which is the principal amount of $20,754.69 plus costs and disbursements of $233.50, less payments in the amount of $1,620.00. To comport with the principle of Due Process, any alleged breach of the stipulation must be brought under a separate action to afford the Defendant notice and opportunity to be heard. The parties settled this case when they entered into their stipulation. The Court finds that the issues in dispute are moot.

(Emphasis added.)

¶4 Amex subsequently moved the District Court for relief under M. R. Civ. P. 60(b)(6), or, alternatively, for a new trial under M. R. Civ. P. 59(a)(2). This motion was unopposed by Born, but was denied. Amex appeals. Born did not file an appearance or briefing in the appeal.

## STANDARD OF REVIEW

¶5 As a "judgment, the provision and terms of which are settled and agreed to by the parties to the action," a consent judgment, having been agreed to by both parties, constitutes

3

a contract. *Tidyman's*, ¶ 20 (quoting *First Bank, (N.A.) v. District Court for Fourth Judicial Dist.*, 226 Mont. 515, 523, 737 P.2d 1132, 1137 (1987)). Akin to a settlement agreement, the interpretation and construction of such contracts involve questions of law. *Bender v. Rosman*, 2023 MT 140, ¶ 9, 413 Mont. 89, 532 P.3d 855 (citing *Jarussi v. Farber*, 2019 MT 181, ¶ 15, 396 Mont. 488, 445 P.3d 1226). Accordingly, we review a district court's related conclusions of law for correctness. *Bender*, ¶ 9 (citing *In re Harms*, 2022 MT 41, ¶ 12, 408 Mont. 15, 504 P.3d 1108).

¶6 "Our standard of review of a district court's ruling on a motion pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion." *Reservation Operations Ctr. LLC v. Scottsdale Ins. Co.*, 2018 MT 128, ¶ 7, 391 Mont. 383, 419 P.3d 121 (quoting *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451). "As a general rule, the district court's ruling is reviewed for abuse of discretion." *Essex*, ¶ 16. However, in instances where "the specific basis of the motion is a conclusion of law," we review the motions' denial de novo. *El Dorado Heights Homeowners' Ass'n v. Dewitt*, 2008 MT 199, ¶ 14, 344 Mont. 77, 186 P.3d 1249.

## DISCUSSION

¶7 *Did the District Court err by disallowing the parties' stipulation for entry of a consent judgment and dismissing the action with prejudice?*

¶8 Amex contends the District Court erred by vacating the consent judgment initially entered upon the parties' Stipulation, and by denying its motion for relief from the order dismissing the matter with prejudice. Amex argues there was no basis for the District Court

4

to disallow the parties' Stipulation and postulates, citing *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 92 S. Ct. 775 (1972), that the District Court mistook the filing as a "cognovit judgment where the entry of judgment is conditioned on a default *in advance* of legal action, rather than a judgment on consent where an agreed judgment is entered *after action is commenced*." (emphasis in original). *See D. H. Overmyer Co. Inc.*, 405 U.S. at 176, 92 S. Ct. at 777 ("The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.").

¶9  As noted above, a consent judgment is "a judgment, the provision and terms of which are settled and agreed to by the parties to the action." *First Bank, (N.A.)*, 226 Mont. at 523, 737 P.2d at 1137 (quoting Black's Law Dictionary (5th ed.) at 436); *Tidyman's*, ¶ 20. "A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It operates to end all controversy between the parties, within the scope of the judgment." *First Bank, (N.A.)*, 226 Mont. at 523, 737 P.2d at 1137. Then, "[c]ourts interpret contracts according to their plain and ordinary meaning, in such a way as to give effect to the mutual intention of the parties as it existed at the time of contracting." *Little Big Warm Ranch, LLC v. Doll*, 2020 MT 198, ¶ 30, 400 Mont. 536, 469 P.3d 689 (citing § 28-3-301, MCA). "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." Section 28-3-401, MCA.

5

¶10    Here, the Stipulation contained the parties' mutual consent to resolve the pending litigation on agreed-upon terms, plainly providing Born's acknowledgment of the debt and resolving the debt by Born's monthly payments of $405 "until paid in full."    Thus, the Stipulation is clearly a valid consent judgment, "construed as a contract between [the parties]." *First Bank, (N.A.)*, 226 Mont. at 523, 737 P.2d at 1137.  Amex's January Affidavit had no impact on this arrangement, serving only to reduce the agreed-upon judgment amount to reflect the $1,620 Born had paid on the debt.  It appears the District Court misunderstood these documents.  Nothing in the Affidavit indicated that Born had "defaulted on the payment arrangements," that the judgment was entered upon such a default, or was otherwise entered upon a pre-litigation agreement by Born, as the District Court apparently believed.  Accordingly, we conclude the District Court erred in its vacatur of the judgment and abused its discretion by denying Amex's motion for relief.

¶11    The order of dismissal is reversed and this matter is remanded for entry of a consent judgment as contemplated by the parties' Stipulation.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

6